IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. ) ) |
| UPMC, | ) ) |
| Respondent. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY THE COMMISSION'S ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

**INTRODUCTION**

This case is before the Court on the Application of the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") for an Order to Show Cause why the EEOC's administrative subpoena should not be enforced. The Commission is currently investigating a charge of disability discrimination filed against Respondent UMPC ("Respondent"), under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12112 et seq. During the course of its investigation, the Commission issued an administrative subpoena seeking documents and other information relating to the Charging Party's allegations of employment discrimination. To date, the Respondent has declined to produce the subpoenaed documents and information, and that failure has delayed and hampered the investigation of the charge. Therefore, the Commission applies to this Court for entry of an order requiring Respondent to show cause why the Commission's subpoena should not be enforced and an order directing Respondent to immediately comply with the subpoena.

1

**FACTUAL BACKGROUND**

A.   The subject charge and initial investigative steps

Carol J. Gailey filed EEOC Charge Number 533-2009-01155 on June 17, 2009, alleging that she was discriminated against on the basis of disability, in violation of The Americans with Disabilities Act.  *See* Exhibit A, Declaration of Acting Area Director, at ¶4(a), Attachment #1. Specifically, she alleged in her charge that Respondent failed to accommodate her disability because it terminated her when she did not return from short-term disability leave following major surgery within the maximum durational limit on the length of medical leave set forth in Respondent's policy.  *See id.* at Attachment #1.

EEOC served Respondent with the Gailey Charge and requested that Respondent provide a response to that Charge in the form of a position statement.  *See* Exhibit A at ¶¶ 4(b)-(c), Attachment #2.  Respondent filed its position statement on August 26, 2009. *See id.* at ¶ 4(d). EEOC then determined that it would proceed with its investigation and seek relevant evidence by serving Respondent with a Request for Information ("RFI"), which was served upon Respondent on April 26, 2010, and which requested that Respondent provide certain categories of relevant evidence by not later than September 7, 2010. *See id.* at ¶ 4(e), Attachment #3.  Respondent was notified by the investigator that EEOC intended to expand its investigation to include investigation into the application of its leave policies at worksites other than where Ms. Gailey had worked.  *See* Exhibit B, Declaration of Investigator Susan Kelly, ¶3.  Respondent refused to comply with the RFI.  *See* Exhibit A at ¶ 4(f).

B.   Issuance of the Subpoena, EEOC efforts to obtain voluntary compliance with the Subpoena, and the Respondent's failure to comply

On September 1, 2010, having received no response to the RFI, EEOC, acting through the District Director of EEOC's Philadelphia District (inclusive of the Pittsburgh Area Office)

2

issued an administrative subpoena, Subpoena Number TPI-881, requiring Respondent to produce the documents and information previously sought by not later than September 12, 2010. *See* Exhibit A at ¶ 4(g), Attachment #4.

On September 7, 2010, Respondent filed a Petition to Revoke or Modify the Subpoena, which was denied by the Commission on February 18, 2011. *See id.* at ¶4(h-i). Following notice of the Determination, Respondent failed to comply with the subpoena by the required date. *See id.* at ¶ 4(j-k), Attachment #5.

On April 6, 2011, EEOC's investigator contacted Respondent, requested compliance with the subpoena, and informed Respondent that EEOC would file this Action to enforce the subpoena if responsive documents and information was not produced by April 13, 2011. *See id.* at ¶4(k). As of the date of this filing, Respondent has failed to respond in any manner to the subpoena. *Id.* at ¶4(l).

**ARGUMENT**

A. <u>Respondent Has No Valid Basis for Failing to Comply with the Subpoena</u>

   1. <u>Administrative subpoena enforcement proceedings are summary in nature</u>

Even if Respondent had exhausted its administrative remedies, the fact remains that it has no legally sufficient basis for its refusal to comply with the Commission's subpoena. Administrative subpoena enforcement proceedings in federal court are summary in nature and involve only limited judicial review. *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *EEOC v. Peat, Marwick, Mitchell & Co.*, 775 F.2d 928, 930 (8th Cir. 1985). To obtain enforcement of an administrative subpoena, an agency must demonstrate that 1) its investigation has a legitimate purpose, 2) the inquiry is relevant to that purpose, 3) the agency does not already possess the information requested, 4) the agency has complied with relevant administrative

3

requirements, and 5) the demand is not "'unreasonably broad or burdensome.'"  *EEOC v. Kronos, Inc.*, 620 F.3d 287, 296 at n.4 (3rd Cir. 2010) (citing *Univ. of Med. & Dentistry of N.J. v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003)).  Once the Commission has made this showing, the District Court is required to enforce the subpoena unless the party being investigated can prove that the subpoena is unduly burdensome.  *See, e.g.*, *EEOC v. South Carolina Nat'l Bank*, 562 F.2d 329, 332 (4th Cir. 1977); *EEOC v. Children's Hospital Medical Center*, 719 F.2d 1426, 1428 (9th Cir. 1983); *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir. 1981).  As the following discussion illustrates, the Respondent has no basis for challenging the validity of the subpoena, and therefore, the subpoena should be enforced.

      2.      <u>The subpoena is valid and within the agency's authority</u>

Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that the ADA has been violated.  42 U.S.C. § 2000e-5(b).[1]  The EEOC is investigating Carol J. Gailey's charge that Respondent engaged in discrimination on the basis of her disability, in violation of the ADA. Congress conferred broad powers upon the Commission in furtherance of its investigatory responsibilities, granting the EEOC the authorization to subpoena any information "that relates to any matter under investigation or in question."  29 U.S.C. § 161 (incorporated into Title VII, 42 U.S.C. § 2000e *et seq.*, by § 710, 42 U.S.C. § 2000e-9); *see* § 709(e) of Title VII, 42 U.S.C. § 2000e-8(a). The investigation seeks to determine if Respondent has engaged in disability discrimination by application of its leave policies. As such, it is valid and fully within the agency's authority.

---

[1] Congress has vested in the EEOC the authority to investigate charges alleging violations of the ADA by incorporating by reference the enforcement scheme set forth in Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117(a). Thus, where Title VII provisions and references are cited herein in support of the EEOC's subpoena powers with respect to the information pertaining to race, they are also fully applicable to investigations of ADA violations.

3.   <u>The Commission has fulfilled all procedural requirements</u>

The EEOC has complied fully with all procedural requirements underlying the subpoena. A valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations.  29 C.F.R. § 1601.16 (elements of subpoena).[2]

4.   <u>The information sought by the Commission is relevant to the investigation</u>

The concept of relevancy in Commission investigations is far broader than that provided for in the Federal Rules of Civil Procedure.  In the context of its administrative investigations the Commission is permitted "access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984).  *See EEOC v. Franklin and Marshall College*, 775 F.2d 110 (3rd Cir. 1985); *Sandsend Fin. Consultants, Ltd. v. Federal Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) (*quoting EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982) (administrative subpoena may seek any information that "touches a matter under investigation").  Here, Charging Party was discharged from her employment pursuant to UPMC's personal and disability leave policies.  Thus, the substance and application of those policies is relevant to the EEOC's investigation.

Because the scope of the Commission's investigation is now expanded, investigation is not limited solely to the Charging Party's allegations.  In this regard, it is well-settled that the Commission possesses broad authority under Title VII and under the ADA to expand the scope of its investigations to encompass possible discrimination of a type not alleged in a charge of discrimination but nevertheless uncovered during the course of the Commission's investigation

---

[2]  29 C.F.R. § 1601.16(a) states, in relevant part: "The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission."

of that charge.  *See General Telephone Co. of Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980) ("[T]he Courts of Appeals have held that EEOC enforcement actions are not limited to the claims presented by the charging parties.  Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable."); *Kronos*, 620 F.3d at 297; *EEOC v. General Electric Co.*, 532 F.2d 359 (4th Cir. 1976).

As one federal court put it, a charge of discrimination "is not to be treated as a common-law pleading that strictly cabins the investigation that results therefrom . . . ."  *EEOC v. General Electric Co.*, 532 F.2d 359, 364 (4th Cir. 1976).  Rather, "a charge is a starting point for a Commission investigation, which may then 'include in its deliberations (and base its determinations on) all facts developed in the course of a reasonable investigation of that charge…"  *Id.* at 365.  "If the EEOC uncovers during [an] investigation facts which support a charge of another discrimination than that in the filed charge, it is neither obliged to cast a blind eye over such discrimination nor to sever those facts and the discrimination so shown from the investigation in process and file a Commissioner's charge thereon . . . ."  *Id.*

During the course of its investigation of the instant charge, the Commission has discovered evidence of a policy, namely, Respondent's application of a policy requiring termination of employment following exhaustion of a maximum period of medical leave, that on its face appears to bar an entire class of reasonable accommodations (meaning additional medical leave beyond the maximum durational limit), and otherwise may adversely affect persons with disabilities.  Further, during the course of its investigation, the Pittsburgh Area Office has learned that other employees were terminated subject to the at-issue policies, and that it did not appear that any exceptions to the policy exist or were allowed.  Accordingly, and consistent with its statutory authority, the Commission has expanded its investigation of Respondent's

application of its personal and disability leave policies to other employees working for UPMC, as the policies apply to more than just those employees employed at Heritage Place, Gailey's place of employment. Respondent was appropriately notified of the expansion. The information specified in the subpoena at issue is directly relevant to the expanded scope of the investigation. Accordingly, the requested information is well within the Commission's investigative authority. *See Kronos*, 620 F.3d at 297-300 (subpoena seeking nationwide data appropriate where employer used testing materials nationwide in considering applicants for employment); *EEOC v. United Parcel Serv. Inc.*, 587 F.3d 136, 139 (2d Cir. 2009) (per curiam) (enforcing EEOC subpoena seeking information on how employer applied appearance guidelines nationwide in EEOC investigation of two complaints of religious discrimination); *Franklin & Marshall Coll.*, 775 F.2d at 116-17 (holding materials related to other tenure candidates in a "similar time frame" were "relevant and not overbroad" in EEOC's investigation of charge alleging discriminatory denial of tenure because they might provide useful comparison data and help determine whether there was a "pattern of discrimination").

That the subpoena seeks information relating to employment sites other than the one Ms. Gailey worked at does not render the subpoena impermissibly overbroad. An employer's company-wide use of a practice under investigation supports a subpoena for company-wide data on that practice. *EEOC v. United Parcel Serv. Inc.*, 587 F.3d 136, 139 (2d Cir. 2009) (per curiam) (enforcing EEOC subpoena seeking information on how employer applied appearance guidelines nationwide in EEOC investigation of two complaints of religious discrimination); *Kronos*, 620 F.3d at 297. Here, EEOC has information to believe that Respondent has applied its leave policies company-wide, encompassing many other sites than the Heritage Place location.

Therefore, it is appropriate for EEOC to determine if Respondent has applied its policy to others in possible violation of the ADA.

Nor is the subpoena improper because of its temporal scope. The subpoena seeks information about employees subject to Respondent's policies from July 1, 2008 to the present. To be clear, the Commission is seeking to determine whether these policies have produced ADA violations, and therefore the request for information about employees who may have been terminated in accordance with these policies, including during any time after their effective date, is appropriate. Furthermore, Title VII, and by extension the ADA, does not impose a time limit on EEOC investigations. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355 (1977); *Kronos*, 620 F.3d at 298-99 (noting that information relating to conduct before and after the alleged discrimination is relevant to determine if employer practices are discriminatory); *EEOC v. Maryland Cup Corp.*, 785 F.2d 471 (4th Cir. 1986) (allowing enforcement of a subpoena seeking information over a four-year period); *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 642 (6th Cir. 2001) (enforcing subpoena seeking evidence relating to employer's practices before and after alleged discrimination, as well as after charge filed).

It is patent that the requested information "might cast light on the allegations" made by Charging Party Gailey. Ms. Gailey alleges disability discrimination in Respondent's failure to accommodate her disability when it terminated her when she failed to return from a short-term disability leave, pursuant to Respondent's leave policies. In light of these allegations, the Subpoena specifically requests in paragraph 1 the identification of other employees who were terminated pursuant to the same policies. It is undeniable that the requested information may and likely will cast light on the allegations made by Ms. Gailey. Thus, the information is relevant to the investigation and the subpoena should be enforced.

**CONCLUSION AND REQUEST FOR RELIEF**

For the foregoing reasons, the Commission respectfully requests that this Court grant the application for an order requiring Respondent UPMC Heritage Place to show cause why the subpoena should not be enforced, order the Respondent to produce the documents and information requested in the subject Subpoena, and order Respondent to pay the Commission the costs of instituting this action.

> Respectfully submitted,
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>
> DEBRA M. LAWRENCE
> Regional Attorney
> Philadelphia District Office
>
> RONALD L. PHILLIPS
> Supervisory Trial Attorney
> EEOC-Baltimore Field Office
>
> */s/ Deborah A. Kane*
> Trial Attorney
> EEOC, Pittsburgh Area Office
> 1000 Liberty Avenue, Suite 1112
> Pittsburgh, PA 15222
> 412-395-5866
> deborah.kane@eeoc.gov